

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable M. F. Kieke
County Attorney
Lee County
Giddings, Texas

Dear Sir:

> Opinion No. O-4256
> Re: Can the county donate money
> to a city within the county
> for the purpose of assisting
> in the maintenance of streets,
> and related questions?

Your letter of recent date requesting an opinion of this department on the questions stated therein reads as follows:

"I have been ask to get an opinion from your department with reference to the following questions: 1. Can the County donate money to a city within the county for the purpose of assisting in the maintenance of streets; 2. Can the County donate money to a city within the county toward the purchase of a fire truck, used by the city; 3. Can the County make an agreement with the city whereby the county gives the city a certain amount of money each year and in return the city maintains streets connecting county roads with the city, and also provides the use of a fire truck for the community surrounding the city and outside of the city limits?

"It is my opinion that the City can not donate money for the purchase of a fire truck except by an agreement to furnish its use to the entire county, I am of the opinion that the county can agree with the city to help in the maintenance of streets. I base this latter contention on Smith vs. Calthy 226 S. W. 158 and Hughes v. County Commissioners Court of Harris County, 35 S. W. 2nd 818, wherein it is held

Honorable M. F. Kieke, Page 2

that the county has authority to help maintain
streets within the city limits, providing the
city does not object.

"I should appreciate an opinion in regard
to the above from your department. I believe
that perhaps the opinion recently given Travis
County with reference to a donation to some Army
unit may be of help to me and I should like to
have a copy of same."

It is stated in our Opinion No. O-1190:

"As a general proposition of law it is set-
tled that the control and jurisdiction over
streets of a municipal corporation is exclusive
in said corporation. However, the courts have
construed to the counties the right to expend
funds in the improvement of streets within the
corporate limits of a city when said streets
were also a public road, particularly when done
with the consent of the city. See Hughes vs.
County Commissioners' Court of Harris County,
35 S. W. (2d) 818. This same conclusion was
reached by the Supreme Court in the case of
the City of Breckenridge vs. Stephens County,
40 S. W. (2d) 43, wherein the court said:

"'The commissioners court may expend coun-
ty road bond funds for improvement of city
streets forming part of county roads where made
with city's consent.'

"The general underlying theory being that
such improvements must be confined to streets
forming part of a county road system and also
that the county must have the consent of a muni-
cipal corporation within which said streets may
be located. The Supreme Court in the Brecken-
ridge case, above cited, distinguished between
streets forming a part of a county road system
and streets generally within the city. In that
case the court held that the commissioners' court
could bind itself to expend county road bond funds
to aid the City of Breckenridge in improving
'streets forming part of county roads,' and in

the same case held that the county could not
bind itself to aid the City of Breckenridge in
improving 'streets'. It is obvious that they
intended to draw a distinction between streets,
speaking generally of the arteries of traffic
within a municipality, and such streets as form
a continuation of a county road, but in any
event a street which had been designated by the
county as a part of its system. . . . "

In this State it is well settled, as a general
proposition of law, that the commissioners' court is a
court of limited power and jurisdiction, and has no powers
or duties except those which are clearly set forth and de-
fined in the Constitution and statutes, and those powers
that arise by a necessary implication. The authorities
supporting this general statement are so numerous we do not
deem it necessary to cite any of them.

With reference to your first question you do not
state whether or not the streets mentioned constitute a
part of the county road system. However, in the absence
of any statement showing that said streets are a part of
the county road system and in view of Opinion No. O-1190
and the authorities cited therein we respectfully answer
your first question in the negative.

We now consider your second and third questions.
Article 2351a-1, V.A.C.S., reads as follows:

"The Commissioners Court in all counties
of this State shall be authorized to furnish
fire protection and fire fighting equipment to
the citizens of such county residing outside
the city limits of any city, town, or village
within the county and/or adjoining counties.
The Commissioners Court shall have the author-
ity to purchase fire trucks and other fire fight-
ing equipment by first advertising and receiv-
ing bids thereon, as provided by law. The Com-
missioners Court of any county of this State
shall also have the authority to enter into con-
tracts with any city, town, or village within
the county and/or adjoining counties, upon such
terms and conditions as shall be agreed upon

Honorable M. F. Kieke, Page 4

between the Commissioners Court and the governing body of such city, town, or village, for the use of the fire trucks and other fire fighting equipment of the city, town, or village. It is specifically provided that the acts of any person or persons while fighting fires, traveling to or from fires, or in any manner furnishing fire protection to the citizens of a county outside the city limits of any city, town, or village, shall be considered as the acts of agents of the county in all respects, notwithstanding such person or persons may be regular employees or firemen of a city, town, or village. No city, town, or village within a county and/or adjoining counties shall be held liable for the acts of any of its employees while engaged in fighting fires outside the city limits pursuant to any contract theretofore entered into between the Commissioners Court of the county and the governing body of the city, town, or village. Provided however, that any fire equipment purchased by any County shall be done only by a majority vote of property owning taxpayers and qualified voters of such county at a county-wide election called for such purpose."

The above quoted statute does not authorize a county to donate any money to a city within or without the county to purchase a fire truck. We have been unable to find any other authority authorizing a county to donate money to a city for such purpose.

Article 2351a-1, supra, specifically authorizes the commissioners' court of any county of this State to enter into contracts with any city, town, or village within the county and/or adjoining counties upon such terms and conditions as shall be agreed upon between the commissioners' court and the governing body of such city, town, or village for the use of fire trucks and other fire fighting equipment of a city, town, or village. It will be noted that the above mentioned statute specifically provides, "provided however, that any fire equipment purchased by any county shall be done only by a majority vote of the property owning taxpayers and qualified voters of such county at a county-wide election called for such purpose." Therefore, in reply to your third question, as stated above, you are advised that it is

Honorable M. F. Kieke, Page 5

our opinion that a county cannot give or donate to a city or town within the county any amount of money for the maintenance of streets in said city or town. But a county can legally make expenditures for the improvement and maintenance of streets in a city or town within the county when said streets form or constitute a portion of the county road system, when the consent of the city or town is had. However, as above indicated, the commissioners' court of any county is authorized to enter into contracts with any city, etc., within the county and/or adjoining counties, upon such terms and conditions as shall be agreed upon between the commissioners' court and the governing body of such city, etc., for the use of fire trucks and other fire fighting equipment of the city, town, or village, in compliance with Article 2351a-1, supra.

You have requested a copy of our Opinion to Travis County with reference to a donation or appropriation to purchase reading room equipment for Camp Bowie. This opinion is No. 0-3963 and we enclose a copy of the same for your information and also a copy of our Opinion No. 0-1190 above mentioned.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:LM

ENCLOSURES

